Filed 12/4/15  Ryan v. Holt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES F. RYAN, | |
| Plaintiff and Respondent, | G050855 |
| v. | (Super. Ct. No. 30-2013-00680594) |
| ERIC V. HOLT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed in part and reversed in part.

Michael Hammad for Defendant and Appellant.

James F. Ryan, in pro. per., for Plaintiff and Respondent.

\*        \*        \*

This case is related to the appeal in *Ryan v. Allione* (Dec. 4, 2015, G050104) (nonpub. opn.). Plaintiff James F. Ryan filed this action against both defendants Eric V. Holt and Paul R. Allione. The complaint contains 16 causes of action, including defamation by slander, extortion, and abuse of process. Before Ryan filed this action, Holt had filed a request for fee arbitration against Ryan with the Riverside County Bar Association. As to Holt, the lawsuit was stayed pending completion of the arbitration. In July 2014, a ruling was issued in the arbitration, but Ryan promptly rejected the award and requested a trial in the matter.

While the arbitration between Ryan and Holt was pending, Allione filed a motion to strike the above mentioned counts under Code of Civil Procedure section 425.16 (hereafter section 425.16). On March 10, 2014, the trial court granted his motion as to the causes of action for defamation and abuse of process, but denied it as to the extortion claim. Allione appealed from the portion of the order denying his motion to strike the extortion count.

Two months after the trial court ruled on Allione's motion, Holt moved to strike the same three causes of action under section 425.16. In a minute order issued after a hearing held September 29, 2014, the court declared it was abstaining from ruling on the motion as to extortion, citing Allione's pending appeal from the prior ruling, and it denied Holt's motion as to defamation and abuse of process.

Holt appeals from this ruling. We shall affirm the trial court's ruling as to the defamation count, but reverse it as to the abuse of process cause of action.

FACTS AND PROCEDURAL BACKGROUND

The factual background for this lawsuit is set forth in our opinion in *Ryan v. Allione, supra*, G050104, at pp. 2-3. Suffice it to say, Ryan, an attorney, represented Holt in a prior civil action in Riverside County. Ryan claims the retainer agreement provided

2

his fee would consist of a 25 percent share of the final judgment or settlement in the case. The Riverside action settled with the opposing party agreeing to pay Holt $30,000 and give him title to some patents and the deed to a gold mine. A dispute then arose as to the amount of Ryan's fee. Allione agreed to assist Holt in resolving the fee dispute. The events relevant to Allione's activities are set forth in the related case.

Eventually, Ryan filed this lawsuit against both Holt and Allione. The complaint's preliminary allegations allege the creation and terms of attorney-client retainer agreement, Ryan's performance of legal services, his receipt of the cash and placement of $22,500 of the funds in his client trust account, transfer of the patent titles and the gold mine's deed to Holt, and Holt's alleged "refus[al]" to pay Ryan "his 25% share" of the value of the assets recovered by him.

The first through third causes of action seek recovery against Holt only for breach of contract, quantum meruit, and fraud. The remaining counts are alleged against both Holt and Allione.

The seventh count for defamation by slander, generally alleges "that rather than paying Ryan for his legal services, [d]efendants . . . have instead undertaken a concerted effort of making false and malicious accusations in a deliberate effort to malign, discredit, and injure [him] and his professional reputation" in an "attempt to dissuade [him] from pursuing payment for his" services in the underlying lawsuit. (Capitalization omitted.) It specifically asserts that Holt told "a third party that . . . Ryan had taken the $30,000.00 from trust and had probably spent it, . . . transferred ownership of the Goldmine [and] . . . the turntable patents into his name," after "refus[ing] to turn over any of these assets to Holt, . . . Allione filed a complaint against Ryan with the State Bar because of these wrong doings [*sic*] and that they were going to have his license taken away." (Capitalization omitted.)

The fifteenth cause of action requests damages for abuse of process. This count is based on "[d]efendant's acts of assault and battery upon [Ryan], trespass on [his]

3

property and direct threats to take [his] license to practice law," plus an offer to dismiss the State Bar matter "in return for [Ryan's] relinquishing" the balance of his fee claims as grounds for recovery.

Holt moved to strike the defamation, abuse of process, and extortion counts. As to the defamation and abuse of process claims, his motion relied solely on a request the court take judicial notice of Allione's previously filed moving papers.

Ryan's opposition to the defamation count cited his declaration opposing Allione's motion. That declaration summarized Ryan's version of his June 6, 2012 encounter with Allione, Allione's efforts in assisting Holt in filing the State Bar claim, including the alleged improper offer to dismiss the bar proceeding in return for Ryan's agreement to settle the fee dispute. Ryan also claimed Holt had repeated the false statements quoted above "to at least one other individual." His opposition concerning abuse of process relied on the contents of his declaration opposing Allione's motion to strike and argued this count was "based on an impermissible threat" "to file a complaint against [him] with the State Bar."

Holt's reply claimed Ryan's "[c]omplaint fails to distinguish the operative facts of defamation as to Allione versus those assigned to Holt." He raised a similar criticism of Ryan's opposition to the abuse of process count, claiming "the complaint only alleges that Holt is vicariously liable for the acts of his agent; attorney Allione."

DISCUSSION

1. *Scope of Review*

"Section 425.16, subdivision (b)(1), provides: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the

4

court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.'  The analysis of an anti-SLAPP motion thus involves two steps.  'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity.  (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.'  [Citation.]  'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute— i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'  [Citation.]  We review an order granting or denying a motion to strike under section 425.16 de novo."  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820.)


*2.  Defamation by Slander*

In challenging the trial court's ruling on the defamation cause of action, Holt claims this count "is . . . premised on [his] complaint to the State Bar," and argues the filing of that matter is protected by the litigation privilege.  (Civ. Code, § 47, subd. (b).)  Ryan responds, noting the complaint also alleges Holt allegedly made false statements to a third party himself that do not constitute protected speech.  We find Ryan's contention has merit.

"Slander is a species of defamation.  'Defamation constitutes an injury to reputation . . . .  A false and unprivileged *oral* communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander.'  [Citation.]  In addition to false statements that cause actual damage [citation], the Legislature has specified that slander includes a false statement that . . . [¶] . . . [¶] [t]ends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly

5

requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits . . . .'" (*Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 867.) "One of the elements of the tort of defamation is 'publication.'" (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1242.) "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. Publication need not be to the 'public' at large; communication to a single individual is sufficient." (*Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 645.)

While defamation does not constitute protected speech, a cause of action for defamation is subject to being struck under section 425.16. (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 464.) "That the Legislature expressed a concern in the statute's preamble with lawsuits that chill the valid exercise of First Amendment rights does not mean that a court may read a separate proof-of-validity requirement into the operative sections of the statute. [Citations.] Rather, any 'claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the context of the discharge of the plaintiff's [secondary] burden to provide a prima facie showing of the merits of the plaintiff's case.' [Citation.] Plaintiffs' argument 'confuses the threshold question of whether the SLAPP statute [potentially] applies with the question whether [an opposing plaintiff] has established a probability of success on the merits.'" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 94; *Hecimovich v. Encinal School Parent Teacher Organization, supra,* 203 Cal.App.4th at p. 464.)

Nonetheless, we conclude Holt has failed to establish his alleged separate statement to a third party is potentially subject to section 425.16. The phrase "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue'" is statutorily defined as "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral

statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

As for Holt's reliance on the trial court's ruling in Allione's activities in filing the State Bar complaint, we note the specific factual allegations in the seventh cause of action addressed Holt's alleged conduct. "[W]hether the challenged claims arise from acts in furtherance of the defendant['s] right of free speech or right of petition under one of the categories set forth in section 425.16, subdivision (e)," is determined by "'examin[ing] the *principal thrust* or *gravamen* of a plaintiff's cause of action'" to "'identify[] "[t]he allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim."'" (*Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 209.) "If the mention of protected activity is 'only incidental to a cause of action based essentially on nonprotected activity,' then the anti-SLAPP statute does not apply." (*Id.* at p. 210.)

Ryan's complaint alleged Holt individually made a false and injurious statement to a single third party. There is no allegation Holt's allegedly defamatory statement was made before or in connection with any official proceeding, in a public place, or involved an issue of public interest. This statement fails to satisfy the requirements of any of the four categories of protected activity. As noted, to be subject to a motion to strike under section 425.16, "a cause of action" must "arise[] from protected speech or petitioning . . . ." (*Navellier v. Sletten, supra,* 29 Cal.4th at p. 89.) Holt failed to carry his burden of establishing the first prong of the anti-SLAPP motion analysis. Thus, the trial court properly denied his motion as to the cause of action for defamation.

7

*3. Abuse of Process*

Holt contends the trial court erred in denying his request to strike the abuse of process cause of action. He focuses on the allegations of a threat to file a State Bar complaint and the subsequent use of an offer to withdraw that complaint as a means of obtaining a favorable settlement were barred by the litigation privilege. (Civ. Code, § 47, subd. (b).)

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed. . . . [¶] '[T]he essence of the tort [is] . . . misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice.' [Citation.] To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056-1057.)

Ryan's abuse of process count alleges conduct that arguably would satisfy the anti-SLAPP motion's first prong. It refers to "threats to take Ryan's license to practice law," the subsequent filing of "a complaint against [him] with the State Bar," then, "while [the] complaint was pending, offering to dismiss the State Bar proceeding." (Capitalization omitted.) Thus, to prevail on this cause of action, Ryan needed to establish a probability of prevailing on it. "[I]n order to establish the requisite probability of prevailing [citation], the plaintiff need only have '"stated and substantiated a legally sufficient claim."' [Citations.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."'" (*Navellier v. Sletten, supra,* 29 Cal.4th at pp. 88-89.)

Ryan cannot satisfy the first requirement of stating a legally sufficient cause of action for abuse of process. First, this cause of action refers to "acts of assault

8

and battery" and "trespass on [his] property." These allegations do not refer to any use of legal process whatsoever. Further, the only "process" alleged is the threat to file a complaint with the State Bar and the subsequent effort to employ the pendency of that proceeding to achieve a favorable settlement. Where a "defendant t[akes] no action pursuant to authority of court, directly or by ancillary proceedings, no judicial process [i]s abused." (*Meadows v. Bakersfield S. & L. Assn.* (1967) 250 Cal.App.2d 749, 753.) Thus, it has been held "Application of the tort to administrative proceedings would not serve the purpose of the tort, which is to preserve the integrity of the court." (*Stolz v. Wong Communications Limited Partnership* (1994) 25 Cal.App.4th 1811, 1823.) Since there is no allegation Holt misused the power of the court, Ryan failed to state a legally sufficient claim for abuse of process.

Alternatively, Ryan attempts to rely on California Rules of Court, rule 3.1113 to support the trial court's ruling. He argues the court could have denied Holt's motion on procedural grounds because Holt, by requesting the trial court to take judicial notice of Allione's motion to the extent it addressed the defamation and abuse of process causes of action, violated rule 3.1113(d)'s 15-page limit. This argument lacks merit.

Ryan failed to assert this argument in the trial court. Consequently, he waived any alleged procedural defect in the length of Holt's supporting memorandum. Further, there is no indication the trial court relied on this alleged defect in denying Holt's anti-SLAPP motion. California Rules of Court, rule 3.1113(g) provides "A memorandum that exceeds the page limits of these rules must be filed and considered in the same manner as a late-filed paper" and, in the latter situation, "If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate." (Cal. Rules of Court, rule 3.1300(d).) The court's minute order denying Holt's anti-SLAPP motion makes no mention of the court declining to consider Holt's supporting memorandum because it exceeded the mandated page limit. Finally, Holt did not

9

incorporate Allione's argument, but filed a separate request that the trial court take judicial notice of Allione's supporting memorandum. (Cal. Rules of Court, rule 3.1113(l) ["request for judicial notice must be made in a separate document listing the specific items for which notice is requested"].) Thus, we conclude Holt's supporting memorandum did not violate the court rules.

We conclude the trial court erred in denying Holt's motion to strike the abuse of process cause of action.

DISPOSITION

The portion of the order denying appellant's motion as to the cause of action for defamation is affirmed. The portion of the order denying the motion as to the abuse of process cause of action is reversed. Each party shall bear his own costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

ARONSON, J.

IKOLA, J.

10